was error in rendering judgment for any interest. After filing the motion and before the same was acted upon by the court, a settlement was made between the parties, the motion was withdrawn, the costs of appeal paid, and mandate issued. There is therefore nothing before us for decision, and the judgment heretofore rendered will not be disturbed.

In our original opinion, after stating the general rule that, if the property of an insolvent passes into the hands of a receiver, the running of interest ceases, we stated: "No reason can be perceived why the general rule is not applicable to the facts in the instant case." In view of the fact that the foreclosure of a lien was awarded, it is insisted that the appointment of a receiver did not stop the running of interest, in so far as same could be collected out of the proceeds of the sale of the security. In support of this contention we are referred to the cases of First Nat. Bank of Houston v. J. I. Campbell Co., 52 Tex. Civ. App. 445, 114 S. W. 887, and Brazelton & Johnson v. J. I. Campbell Co., 49 Tex. Civ. App. 218, 108 S. W. 770. While there is nothing before us for determination, we desire to state that a consideration of these authorities has, at least, created a doubt in our minds as to the correctness of the sentence in our original opinion above quoted. We therefore withdraw that statement, in so far as it may be an authority binding upon this court in the future. In other words, we make no decision at all of the question as to whether the general rule has full application to the facts of the instant case.

B. F. Pye, of Beaumont, for appellant.

J. B. Synnott, of Beaumont, for appellees.

WALKER, Chief Justice.

This was an injunction suit instituted in the district court of Jefferson county by appellant, Sam Baum, against appellees, R. C. German et al., to restrain the sale of his homestead under order of sale issued upon the judgment foreclosing a vendor's lien. By his petition appellant invoked the provisions of the Moratorium Act, passed by the 43d Legislature (chapter 102 of the Acts of the 43d Legislature, Vernon's Ann. Civ. St., art. 2218b), which was held constitutional by this court, Beaumont Petroleum Syndicate v. Broussard, 64 S.W.(2d) 993, and by the Dallas Court of Civil Appeals, Lingo Lmbr. Co. v. Hayes, 64 S.W.(2d) 835. The trial court denied the injunction, and from that order appeal was prosecuted to this court.

Appellee has made a showing to this court that since the appeal was filed in this court the property involved was regularly sold by the sheriff of Jefferson county under order of sale duly issued and possession surrendered by appellant to the purchaser.

It follows that the questions involved are now moot and, therefore, the appeal is dismissed.

**FENLEY v. BEWLEY MILLS, Inc.**

No. 2505.

Court of Civil Appeals of Texas. Beaumont.
Jan. 25, 1934.

Rehearing Denied Jan. 31, 1934.

**BAUM v. GERMAN et al.**

No. 2537.

Court of Civil Appeals of Texas. Beaumont.
Jan. 26, 1934.

Rehearing Denied Feb. 14, 1934.